104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William BENSON, on Behalf of Lee Fabiano, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-6104.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 1
 Appearing for Appellant: William Benson, Pro Se
 
 
 2
 Appearing for Appellee: Arthur P. Hui, Assistant U.S. Attorney (Zachary W. Carter, U.S. Attorney; Varuni Nelson, Assistant U.S. Attorney; Eastern District of New York)
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before OAKES, CALABRESI, Circuit Judges, and HAIGHT, Jr., District Judge.*
 
 ORDER
 
 6
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Sifton, C.J.), it is hereby
 
 
 7
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 8
 Lee Fabiano, by her representative William Benson, appeals from a judgment of the United States District Court for the Eastern District of New York (Sifton, C.J.), which granted summary judgment to defendant Office of Personnel Management ("OPM") in an action challenging several administrative determinations made by the OPM. We affirm.[1]
 
 
 9
 On October 17, 1994, Fabiano filed a pro se complaint in district court against OPM. The complaint maintained (1) that the OPM had erroneously rejected her allegation that her position had been improperly reclassified and (2) that the OPM had erroneously denied her disability benefits. On January 22, 1996, the district court rejected both of these claims. The court found that it could not entertain her first claim because the plaintiff had failed to exhaust her administrative remedies. It further found that her second claim was in part collaterally estopped by a suit she had brought in the Court of Appeals for the Federal Circuit, and in part barred because she had not raised it in her administrative proceedings. Fabiano filed a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b) on March 12, 1996. The motion was denied on March 22, 1996. This appeal of that denial of reconsideration was filed on April 2, 1996.[2]
 
 
 10
 "The standard for review of the denial of a Rule 60(b) motion is abuse of discretion." Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991). We find that the district court did not abuse its discretion because Fabiano does not make any allegations, such as newly discovered evidence or fraud, that would justify reconsideration of a judgment under Fed.R.Civ.P. 60(b). Liberally construed, Fabiano's motion simply states that Judge Sifton suffered from bias or prejudice. There is, however, no legal support even for this argument.
 
 
 11
 We have examined all of the plaintiff's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Charles S. Haight, Jr., Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Benson also appeals, under docket number 96-6108, from another judgment by the same court. That judgment denied a motion for reconsideration of a decision upholding Fabiano's termination from the Department of Health and Human Services. We affirm the denial of that motion in a separate summary order issued today
 
 
 [2]
 Benson also appealed the court's January 22, 1996 judgment, but that appeal, which was likewise filed on April 2, 1996, was outside the sixty-day time-limit prescribed by the Federal Rules of Appellate Procedure. Fed. R.App. P. 4(a)(1) (notice of appeal must be filed within 60 days after entry of judgment if United States agency is a party). We are thus precluded from considering it here